O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEVIN J. DUNNE, an individual and CATHERINE M. DUNNE, an individual,

                              Plaintiffs,

        v.

JPMORGAN CHASE BANK, N.A., a National Banking Association,

                              Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-00919 DDP (OPx)

**ORDER GRANTING MOTION TO DISMISS**

[Dkt. No 46]

Presently before the court is Defendant JPMorgan Chase Bank, N.A. ("Bank")'s Motion to Dismiss.  Having considered the submissions of the parties and heard oral argument, the court is grants the motion and adopts the following order.

**I.   Background**

Plaintiffs intended to build a single-family home on a piece of property they owned, then sell the house for a profit.  (Third Amended Complaint {"TAC") ¶¶ 1-2, 26.)  Plaintiffs contacted David Jaffe ("Jaffe"), a Bank manager, to discuss a construction loan.  (Id. ¶¶ 25, 27).  Plaintiffs told Jaffe that they did not have

1   construction permits, and would need several months to obtain the

2   permits.  (Id. ¶ 29.)  Plaintiffs estimated that it would take at

3   least eighteen months to complete the construction project.  (Id. ¶

4   30.)

5       Plaintiffs entered into a $1 million Construction Loan

6   Agreement ("the Agreement") on March 18, 2009.  (TAC ¶ 28.)  Under

7   the Agreement, the Bank would make several disbursements of "such

8   sums as requested in [Plaintiffs'] Draw Request or such sums as in

9   [the Bank's] sole . . . discretion are warranted . . . ."

10  (Agreement § 6.)  The Agreement also stated that construction must

11  be completed in one year, by March 17, 2010.  (Id. § 1.2.)

12      The Agreement included an integration clause, which stated

13  that the Agreement constituted the entire understanding between

14  Plaintiffs and the Bank.  (Agreement § 15.5.)  Under the Agreement,

15  events of default included any misrepresentations made by

16  Plaintiffs in the Agreement, future material misrepresentations

17  relied upon by the Bank, failure to maintain necessary permits, and

18  abandonment of construction.  (Id. §§ 12.4, 12.10, 12.12, 12.14.)

19  Plaintiffs warranted that they had obtained all necessary

20  construction permits, and that the Agreement contained no untrue

21  statements of material fact.  (Id. §§ 10.4, 10.5.) The following

22  day, the parties executed a written addendum to the Agreement,

23  which extended the term of the loan to eighteen months.  (TAC ¶ 30;

24  Addendum § 7.)

25      Plaintiffs made fifteen draw requests, only one of which was

26  fully funded.  (TAC ¶ 35.)  In November 2009, Chase stopped

27  advancing loan funds and issued a Notice of Default because

28  Plaintiffs failed to "diligently pursue completion" of the

1  construction project.  (TAC ¶ 32.)  Though the Bank eventually
2  resumed funding, it forced Plaintiffs to accept a completion date
3  of July 1, 2010, notwithstanding the Addendum completion date of
4  September 18, 2010.  (<u>Id.</u> ¶ 33.)

5       On January 15, 2010, the Bank "collapsed" the loan and
6  demanded full repayment within thirty days.  (<u>Id.</u> ¶ 35.)
7  Plaintiffs obtained funding from another bank and repaid the loan.
8  (<u>Id.</u> ¶ 37.)  The Bank nevertheless reported to credit-rating
9  agencies that Plaintiffs failed to make timely payments on their
10 construction loan.

11      Plaintiffs' TAC alleges a single contract claim for breach of
12 the implied covenant of good faith and fair dealing.  The Bank now
13 moves to dismiss the TAC.

14 **II.  Legal Standard**

15      A complaint will survive a motion to dismiss when it contains
16 "sufficient factual matter, accepted as true, to state a claim to
17 relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.
18 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
19 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
20 "accept as true all allegations of material fact and must construe
21 those facts in the light most favorable to the plaintiff." <u>Resnick</u>
22 <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
23 need not include "detailed factual allegations," it must offer
24 "more than an unadorned, the-defendant-unlawfully-harmed-me
25 accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or
26 allegations that are no more than a statement of a legal conclusion
27 "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In
28 other words, a pleading that merely offers "labels and

1  conclusions," a "formulaic recitation of the elements," or "naked

2  assertions" will not be sufficient to state a claim upon which

3  relief can be granted.  <u>Id.</u> at 678 (citations and internal

4  quotation marks omitted).

5     "When there are well-pleaded factual allegations, a court should

6  assume their veracity and then determine whether they plausibly

7  give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs

8  must allege "plausible grounds to infer" that their claims rise

9  "above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

10  "Determining whether a complaint states a plausible claim for

11  relief" is a "context-specific task that requires the reviewing

12  court to draw on its judicial experience and common sense."  <u>Iqbal</u>,

13  556 U.S. at 679.

14  **III. Discussion**

15     A breach of contract claim may be based upon the breach of an

16  express provision of a contract or the breach of the implied

17  covenant of good faith and fair dealing.  <u>McNeary-Calloway v.</u>

18  <u>JPMorgan Chase Bank, NA</u>, 863 F.Supp.2d 928, 954 (N.D. Cal. 2012).

19  Thus, Plaintiffs here must show (1) the existence of a contract,

20  (2) their performance or excuse for nonperformance, (3) breach by

21  the Bank, and (4) damages.  <u>Id.</u>  The Bank argues that Plaintiffs

22  cannot satisfy the second element because the TAC itself alleges

23  that Plaintiffs failed to perform their obligations under the

24  Agreement.

25     Specifically, the Bank points to Plaintiff's allegations that

26  at the time the Agreement was executed, and contrary to the express

27  representations contained in the Agreement, Plaintiffs had <u>not</u>

28  obtained all of the necessary building permits.  (Motion at 7.)

4

1   The Bank argues that that failure, and Plaintiffs'

2   misrepresentation related thereto, each constitute a separate event

3   of default under the Agreement.[1]

4       Plaintiffs contend that the TAC alleges both performance and

5   excuse for nonperformance.  Indeed, the TAC does allege that

6   Plaintiffs "did all or substantially all of the significant things

7   that the contract required them to do or, in the alternative,

8   [Plaintiffs] were excused from having to do those things."  (TAC ¶

9   43.)  That conclusory assertion, however, is not entitled to the

10  presumption of truth.[2]  Iqbal, 556 U.S. at 679.

11      Alternatively, Plaintiffs argue that the Bank waived

12  Plaintiffs' defaults.  (Opposition at 8, 15, 18.)  Plaintiffs

13  contend that the Bank knew, or should have known, that Plaintiffs

14  did not have the requisite building permits because Plaintiffs told

15  Jaffe about the lack of permits before the parties executed the

16  Agreement.  The TAC alleges that the Bank nevertheless entered into

17  the Agreement and made several, albeit incomplete, disbursements in

18  response to Plaintiffs' draw requests.  (TAC ¶¶ 32, 35.)

19

20

21

_____

22      [1] Plaintiff's assertion that the Bank's "entire motion is

23  anchored to alleged 'misrepresentations'" (Opp. at 9) is incorrect.
    Under the Agreement, Plaintiffs' failure to maintain permits was

24  itself a listed event of default, regardless of any related
    misrepresentations.  (Agreement § 12.12.)

25      [2] Plaintiffs' brief argument regarding parol evidence, relying

26  upon Riverisland Cold Storage v. Fresno-Madera Prod. Credit Assoc.,
    55 Cal. 4th 1169 (2013), is somewhat unclear.  As an initial

27  matter, Plaintiffs assert that their intent is not to rely upon
    parol evidence to excuse their failure to perform.  (Opp. at 12.)

28  Furthermore, unlike the plaintiffs Riverisland, Plaintiffs here do
    not allege fraud, nor do they seek to rescind a contract.

1    Waiver is an intentional relinquishment of a known right,

2    whether express or implied.[3]  *Supervalu, Inc. v. Wexford*

3    *Underwriting Managers, Inc.*, 175 Cal.App.4th 64, 77 (2009).  The

4    waiver doctrine operates defensively only.  *Id.*  While waiver "can

5    preclude the assertion of legal rights, it cannot be used to impose

6    legal duties."  *Groves v. Prickett*, 420 F.2d 1119, 1125 (9th Cir.

7    1970); *Peasley v. Verizon Wireless LLC*, 364 F.Supp.2d 1198, 1201

8    (S.D. Cal. 2005).

9    Here, Plaintiffs attempt to use the Bank's alleged waiver of

10   Plaintiffs' default to impose a contractual duty upon the Bank

11   where, in the absence of Plaintiffs' performance or excused

12   nonperformance, none would otherwise exist.  Plaintiffs may not

13   rely upon the waiver doctrine for this purpose.  The TAC does not

14   allege any other facts suggesting Plaintiffs' performance or any

15   excuse for their nonperformance.  The TAC therefore fails to state

16   a cause of action for breach of the implied covenant of good faith

17   and fair dealing.

18   **IV.   Conclusion**

19   For the reasons stated above, Defendant's Motion to Dismiss

20   this TAC is GRANTED.  Plaintiffs' TAC is DISMISSED, with prejudice.

21   **IT IS SO ORDERED.**

22

23

24   Dated: October 14, 2014

25                                      DEAN D. PREGERSON
                                        United States District Judge

26

27   _____

28       [3] Notably, the Agreement contains an express anti-waiver
     provision.  (Agreement § 15.2)